[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal and application for review of the statement of compensation in the amount of $4290 filed in connection with the taking on April 24, 1989, of a portion of the plaintiff's land located at and known as 221 Moose Meadow Road in the Town of Willington in condemnation proceedings brought by the defendant for the improvement of Moose Meadow Road. The improvements consist of the widening of the road and the "softening" of a curve in front of the plaintiff's property. The property taken consists of two strips of land on the westerly side of Moose Meadow Road, the first containing 0.06 acre, or 2533 square feet, and the second containing 0.01 acre, or 124 square feet.[1]
In the adjudication of this appeal and review of the statement of compensation, the court heard evidence, including the testimony of expert appraisers, reviewed their appraisal reports and other documentary evidence, and viewed the subject property.
The plaintiff's property consists of approximately five acres of land on which is situated a seven-room Cape Cod dwelling having a gross living area of 1769 square feet. The home was built about 1774. It was remodeled and updated after a fire in 1981. Two small outbuildings are also located on the land. The property is non-conforming. The minimum front yard setback under the town zoning regulations is fifty feet. Before the taking the dwelling was forty-six feet from the road. After the taking the front yard was reduced to thirty-six feet, an enlargement of the non-conformity by ten additional feet. A section of a stone wall about forty feet in length was within the larger of the areas taken. This has now been reduced to rubble. Two sets of stone steps leading up to the front entranceway from the road pavement were also included within this parcel taken by the defendant. In addition, the taking called for the removal of trees and shrubbery located CT Page 1432 within the boundaries of the two parcels.
A real estate appraiser testifying on behalf of the plaintiff based his opinion of the land value on the market approach. After an analysis of comparable sales, he concluded that the value of the subject property before the taking was $190,000. In his opinion the taking reduced the value of the remaining property "because of the aesthetics" by 15% to the rounded figure of $160,000, resulting in damages of $30,000.
Using a similar approach to valuation of the property, the defendant's appraiser valued the subject property before the taking at $144,000. Because the taking increased the non-conformity of the property by bringing the home ten feet closer to the road, he concluded that the property became less desirable to a prospective purchaser. He therefore estimated taking damages due to loss of desirability to be $2900.
Using comparable sales of raw land, the defendant's appraiser valued the plaintiff's five acre parcel at $72,500, or $14,500 per acre. Since the defendant took 0.07 acre of land from the plaintiff, he estimated the damages due to loss of acreage at $1015. Finally, he valued the plaintiff's loss because of the necessary relocation of the two sets of flat stone steps at $375. In total, he estimated the plaintiff's damages at $4290, the amount paid by the defendant to the plaintiff.
At the northern end of the first parcel taken by the defendant, near the boundary of the plaintiff's property, there had existed before the taking a stone wall of field stones about forty feet in length and waist high. The wall was of long-standing and typical of road and boundary walls built in Colonial times of stones found in clearing fields. Built without mortar or cement, these stone walls have an intrinsic value and aesthetic charm on our country roads, especially when enclosing a Colonial era home such as the plaintiff's which was built before the Revolution in 1774. This wall was demolished after the taking and its stones piled in a rubble heap in the plaintiff's front yard.
The court finds completely unacceptable the conclusion of the defendant's appraiser relating to the valuation of this Colonial relic. His statement that "[s]ince only a very small portion of stone wall is effected (sic) and since this wall is in poor repair, no value is attributed to the loss of this wall" lacks credibility.
After viewing the subject property, and after giving due consideration to the opinions of the expert witnesses and to my knowledge of the elements that establish value, I find that the before taking value of the plaintiff's property was $180,000, and that its after taking value was $165,500. Damages for the taking, therefore, are assessed at $14,500.
Judgment may enter for the plaintiff in the amount of $14,500, less $4290 previously paid, or an excess of $10,210, with interest on such excess from the date of taking to the date of payment, together with costs and a CT Page 1433 reasonable appraisal fee, as agreed to by the parties and approved by the court, of $650.
WILLIAM BIELUCH STATE TRIAL REFEREE